## CIRCUIT COURT OF LOUDOUN COUNTY

Tamara Corder

v.

Loudoun County School Board

November 1, 1989

Case No. (Law) 10859

By JUDGE THOMAS D. HORNE

This cause came to be heard upon petitioner's Hearing Brief Regarding Petitioner's Appeal From School Board's Failure to Make Grievability Determination; upon Respondent's Response; and was argued by counsel.

Petitioner requests that (1) this Court hold that the School Board erred in not determining grievability; and (2) that this Court issue an order directing the School Board to process her grievance on the merits. This relief is denied.

Petitioner was employed by the County School Board of Loudoun County ("School Board") as a school bus driver for the 1988-89 school year. She sought to be employed in the same capacity for the 1989-90 school year, and in accordance with state law, submitted to a physical examination on August 14, 1989. This examination revealed, *inter alia*, that her visual acuity in her right eye was 20/200.

The School Board, relying on Virginia Code Section 22.1-178 and the State Board of Education's "Regulations Governing Pupil Transportation Including Minimum Standards for School Buses in Virginia (6-1-88)," § 4.1 A.2j, took the position that the minimum standard for visual acuity for eligibility to drive a school bus was 20/40 in each eye, and that Corder was therefore unqualified for the position. On September 7, 1989, Dr. John J. Daniels, Assis-

tant Superintendent for Personnel Services, informed Corder by letter that she had failed to pass her visual acuity test and that the Loudoun County Public Schools were therefore precluded by law from employing her as a bus driver.

Corder, relying on Virginia Code § 46.1-370; the "Regulations Governing Pupil Transportation Including Minimum Standards for School Buses in Virginia," § 4.1 D; and The Loudoun County School Bus Driver's Handbook, State Requirement for School Bus Drivers, Section D, argues that the minimum standard for visual acuity is 20/40 in one eye, and therefore, she is not disqualified from the position.

On September 7, 1989, Corder initiated a grievance proceeding. On September 11, 1989, Dr. Daniels advised her by certified mail that her grievance would not be processed because she was not an employee of the School Board and thus was not entitled to use the grievance procedure. She appealed this determination to Dr. David N. Thomas, Superintendent of Loudoun County Public Schools, on September 12. On September 22, she was sent another letter from Dr. Daniels reiterating the position; on September 26, Mr. Carroll Laycock, Chairman of the Loudoun County School Board, sent a letter outlining the school board's position to petitioner's counsel. Finally, on October 9, 1989, Dr. Thomas sent a fourth communication to Corder informing her that she was not an employee of the Loudoun County Public Schools and that her grievance would not be processed. This appeal followed.

Petitioner urges that the School Board erred in not making a determination as to the grievability of her complaint and in not processing that grievance. She seeks an order requiring the School Board to process the grievance on the merits. Granting this relief would require a two-tiered finding: first, that as a threshold matter, the grievance procedures apply to her; and second, that her particular complaint, that the wrong standard for visual acuity was utilized, is a grievable complaint under the State Board of Education Procedures.

According to the definitions in Part I of the State Board of Education Procedure for Adjusting Grievances, "grievance" means, for the purpose of Part II, "a complaint or dispute by a teacher relating to his or her employment, including but not necessarily limited to the application

or interpretation of personnel policies, rules and regulations, ordinances, and statutes . . . and complaints of discrimination on the basis of race, color, creed, political affiliation, handicap, age, national origin, or sex."

"Teacher" means, for the purpose of Part II, "all employees of the school division involved in classroom instruction and all other full-time employees of the school division except those employees classified as supervising employees."

Corder's contract of employment was for the school year 1988-89. This Court finds that her contract had expired prior to the time of her physical examination on August 14, 1989; and no other contract having been plead, that she was not at that time and is not now an employee of the school division. It follows then that she is not a "teacher" for the purpose of Part II, and that she is not entitled to utilize the grievance procedure. Since she has not carried her burden on this threshold question, it is unnecessary to reach a determination as to whether her complaint would be grievable under the procedures.